IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

|  |  |  |
|---|---|---|
| DOROTHY PROFFITT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO. 3:11cv310-JRS |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court for a report and recommendation pursuant to 28 U.S.C.

§ 636(b)(1)(B) on Plaintiff's Motion for Leave to Supplement the Administrative Record (ECF

No. 10), Plaintiff's Motion for Summary Judgment (ECF No. 11), and Defendant's Motion to

Remand (ECF No. 17). Plaintiff Dorothy Proffitt seeks judicial review pursuant to 42 U.S.C. §

405(g) of the final decision of Defendant Commissioner denying her application for

Supplemental Security Income payments ("SSI"). The Commissioner's final decision is based

on a finding by an Administrative Law Judge ("ALJ") that Plaintiff was not disabled as defined

by the Social Security Act ("the Act") and applicable regulations.

The Defendant has agreed to remand the case for reconsideration, but Plaintiff opposes

remand and asks this Court to award benefits outright. For the reasons discussed herein, it is the

Court's recommendation that Defendant's Motion to Remand (ECF No. 17) be GRANTED; that

Plaintiff's Motion for Leave to Supplement the Administrative Record (ECF No. 10) be

DENIED, and that Plaintiff's Motion for Summary Judgment (ECF No. 11) be DENIED as moot

given the disposition of Defendant's Motion to Remand.

## I. BACKGROUND

Plaintiff filed her application for disability benefits under Title XVI of the Act on October 30, 2007. Her application was denied initially and on reconsideration. (R. at 58-59.) She requested a hearing before an ALJ, which was held on April 17, 2009. (R. at 21-49.) On November 17, 2009, the ALJ issued a decision finding that Plaintiff was not disabled under the Act. (R. at 8-20.) That decision was reviewed by the Appeals Council, which denied the appeal on March 11, 2011. (R. at 1-6.) Thus, the ALJ's decision is the "final decision" of the Commissioner subject to review by this Court under 42 U.S.C. § 405(g).

Upon review of the case, Defendant has agreed to remand for further development of the administrative record and to issue a new decision. (Def.'s Mot. to Remand at 2.) Although Defendant sought Plaintiff's consent to remand the matter, Plaintiff has refused. (*Id.*) Instead, Plaintiff asks the Court to award benefits, arguing that the ALJ has a history of refusing testimony from a vocational expert ("VE") under any circumstances. (Pl.'s Mem. Sup. Mot. Sum. J. ("Pl.'s Mem.") at 3-4, 28-29.) To that end, Plaintiff has moved to supplement the record with the record of a judicial complaint against the ALJ, which was filed on behalf of ten unidentified clients of Plaintiff's counsel. (Pl.'s Mot. for Leave at Exs. 1-5.) Essentially, the judicial complaint alleges that the ALJ routinely fails to follow applicable legal principles.

In this case, Plaintiff challenges three specific aspects of the ALJ's decision. First, she challenges the assignment of "limited" weight to her treating physician. (Pl.'s Mem. at 7-18.) Second, she asserts that the ALJ's residual functional capacity ("RFC") determination is "vague and undefined" and otherwise fails to assess all of Plaintiff's limitations. (*Id.* at 19-23.) Finally, Plaintiff asserts that VE testimony was necessary in this case for the Commissioner to satisfy his burden at step 5 of the sequential analysis — namely, that sufficient jobs exist which Plaintiff

2

can perform regardless of her limitations. (*Id.* at 23-28.) Based on these alleged errors, Plaintiff asks this Court to remand the matter with instructions to award benefits, as opposed to consideration of new evidence or further development of the record. But if remanded for further proceedings, Plaintiff asks the Court to instruct the Commissioner to assign the matter to a different ALJ.[1]

## II. STANDARD OF REVIEW

In reviewing the Commissioner's decision to deny benefits, the Court is limited to determining whether the Commissioner's decision was supported by substantial evidence on the record and whether the proper legal standards were applied in evaluating the evidence. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. Jan. 5, 2012) (citing *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005)). The Court must not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Id.* (citation and internal quotation marks omitted); *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (citation omitted).

Although the Court cannot consider evidence not presented to the ALJ, the Act provides that the Court *may* remand a case for reconsideration in two situations. 42 U.S.C. § 405(g) (emphasis added). The first is a "sentence four" remand, which provides that the "court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security with or without remanding the cause for a rehearing." *Id.* Alternatively, a "sentence six" remand allows the Court to "order additional evidence to be taken before the Commissioner." Granting a "sentence

---

[1] The request to appoint a new ALJ must be denied as moot, because the Defendant has informed the Court that the ALJ in question no longer presides in this jurisdiction. The Court relies on this representation in rendering its decision and would have reached the issue otherwise.

3

six" remand is within the sound discretion of the district court. *Doctors Nursing & Rehab. Ctr. V. Sebelius*, 613 F.3d 672, 680 (7th Cir. 2010) (citing *Dudley v. Astrue*, 246 Fed. App'x 249, 251 (5th Cir. 2007)). Regardless of the distinction, "[o]rdinarily [courts] remand to give the [Commissioner] an opportunity to apply the correct legal standard." *Breeden v. Weinberger*, 493 F.2d 1001, 1011 (4th Cir. 1974) (citing 42 U.S.C. § 405(g)).

### III. ANALYSIS

Before addressing the substantive issues raised, the Court must address Plaintiff's Motion for Leave to Supplement the Administrative Record, which seeks to submit the judicial complaint against the ALJ for consideration on appeal. Such a request must be denied, because it fails to objectively establish "actual bias on the part of the judge or decisionmaker" in this particular case. *Caperton v. Massey Coal Co.*, 556 U.S. 868, 872 (2009) (citation omitted). While it is well-established that "[a] fair trial in a fair tribunal is a basic requirement of due process," actual bias must be established to show a lack of fairness implicating due process in any particular case. *Id.* (citation omitted). While the ALJ's decision might constitute legal error, Plaintiff has not shown it to rise to a level that implicates due process considerations. Indeed, Plaintiff cites no legal basis to consider the judicial complaint on appeal. (Pl.'s Mot. to Suppl. Admin. R. at 1-3.)

Turning to the substance of Plaintiff's argument, the Court finds that the appropriate course is to remand the matter to allow the Commissioner to correct any error and further develop the record. Here, all three alleged errors would require the Court to weigh existing evidence or consider additional evidence — a task beyond the appropriate bounds of this Court's review. *See Hancock*, 667 F.3d at 472 (citation and internal quotation marks omitted). For example, Plaintiff's arguments concerning the application of the treating physician rule and her

challenge to the ALJ's RFC determination require the weighing of evidence.  Also, the lack of

any VE testimony shows a lack of evidence at step five of the sequential analysis — evidence

which is unavailable to this Court.  Thus, the proper course appears to be to remand the matter

for consideration of additional evidence and further development of the record.

## IV.  CONCLUSION

Based on the foregoing analysis, it is the recommendation of this Court that Defendant's

Motion to Remand (ECF No. 17) be GRANTED, that Plaintiff's Motion for Leave to

Supplement the Record (ECF No. 10) be DENIED, that Plaintiff's Motion for Summary

Judgment (ECF No. 11) be DENIED as moot, and that the final decision of the Commissioner be

REVERSED and REMANDED consistent with this decision.

Let the Clerk forward a copy of this Report and Recommendation to the Honorable James

R. Spencer, to all counsel of record.

## NOTICE TO PARTIES

**Failure to file written objections to the proposed findings, conclusions and**

**recommendations of the Magistrate Judge contained in the foregoing report within**

**fourteen (14) days after being served with a copy of this report may result in the waiver of**

**any right to a *de novo* review of the determinations contained in the report and such failure**

**shall bar you from attacking on appeal the findings and conclusions accepted and adopted**

**by the District Judge except upon grounds of plain error.**

/s/

David J. Novak
United States Magistrate Judge

Richmond, Virginia
Date: June 1, 2012

5